**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
In re:                       :
                             :
RADHA RAMANA MURTY NARUMANCHI :
and RADHA BHAVATARINI DEV     :    Bankruptcy Petition #:
NARUMANCHI,                   :    3:97BK31791(ASD)
                             :
          Debtors.           :
-----------------------------x
RADHA RAMANA MURTY NARUMANCHI,:
                             :
          Appellant,         :
      v.                     :    Civ. No. 3:11CV01127(AWT)
                             :
WAFEEK ABDELSAYED,           :
                             :
          Appellee.          :
-----------------------------x
```

<u>**RULING ON BANKRUPTCY APPEAL**</u>

Radha Ramana Murty Narumanchi ("Narumanchi") has appealed
from an order entered by the United States Bankruptcy Court for
the District of Connecticut (the "Bankruptcy Court") on June 16,
2011, denying his motion for sanctions.  Narumanchi contends that
the Bankruptcy Court abused its discretion in denying his motion
for sanctions and in not referring the case to the United States
Attorney for criminal prosecution.  For the reasons set forth
below, the Bankruptcy Court's decision is being affirmed.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On May 2, 1997, Narumanchi and Radha Bhavatarini Dev
Narumanchi submitted a voluntary petition for bankruptcy under
Chapter 7 of Title 11 of the United States Code.  The U.S.

-1-

Trustee reported that the case was a no-asset case, and on September 12, 1997, the Bankruptcy Court entered an order discharging the debtors.  The case was closed on August 24, 1999.

The case was reopened on June 10, 2008 on the debtors' motion in light of newly discovered assets from a class action settlement.  On March 4, 2009, appellee Wafeek Abdelsayed ("Abdelsayed"), through his attorney, Brian Gildea ("Gildea"), filed a proof of claim for $18,000 owed from a previously obtained judgment against Narumanchi in Connecticut Superior Court.

On May 13, 2009, Narumanchi, through his attorney, Stephen I. Small ("Small"), filed an objection to Abdelsayed's claim. Narumanchi objected on the basis that Abdelsayed had already received at least the amount of the civil judgment from William Hill ("Hill"), the attorney who represented Abdelsayed in that proceeding, in settlement of a prospective legal malpractice claim against Hill.  On February 4, 2010, Small sent a letter to Gildea stating:

> I have received documentation from the
> Statewide Grievance Committee that William E.
> Hill, Esq. paid your clients' claim in full
> almost 10 years ago.  This would indicate that
> your client's sworn proof of claim was
> fraudulent and was submitted with malice.
>
> I ask that your client immediately withdraw
> its proof of claim with prejudice.  My client
> has asked that I move for sanctions in the
> event that this matter is not immediately

resolved.

(Narumanchi's Appellate Br., Volume 2: Ex. J-11).

On September 2, 2010 the Bankruptcy Court held a hearing on Narumanchi's objection to Abdelsayed's proof of claim. Abdelsayed did not appear at the hearing, and the Bankruptcy Court sustained Narumanchi's objection and disallowed Abdelsayed's claim in full.

On October 21, 2010, Abdelsayed filed a <u>pro se</u> motion to vacate the order sustaining Narumanchi's objection.  Abdelsayed contended that Gildea had failed to notify him of the hearing, his non-appearance, and the subsequent order disallowing his claim.

On November 2, 2010, Small filed an objection to the motion to vacate on behalf of Narumanchi.  The Bankruptcy Court held a hearing on the motion to vacate on February 28, 2011.

With regard to Abdelsayed's non-appearance at the September 2, 2010 hearing, the Bankruptcy Judge identified a "confusing situation, which resulted in a hearing that was scheduled for on or about July 14th and continued to the 21st, and at that point, Judge Weil deciding to transfer the matter to me, and ultimately, by setting it up for September 2nd." (Narumanchi's Appellate Br., Volume 2: Ex. 26 at 93).  However, the Bankruptcy Judge determined that this confusion did not excuse Gildea from keeping himself apprised of the hearing date:

-3-

> But in light of the confusion, which confused
> -- would have been confusing to all parties
> and indeed was initially confusing to the
> Court, both attorneys should have kept
> themselves apprised of the hearing date, and
> both of them could have easily done so.
> Attorney Gildea did not.  He was counsel for
> Dr. Abdelsayed at that time, and the
> deficiencies of the attorney are unfortunately
> from time to time visited on the client.
>
> The motion to vacate is therefore denied. . .
> . this was a confusing situation, and quite
> frankly, during the course of this hearing, I
> gave serious consideration to granting the
> motion to vacate.

(Id. at 93-94).  Ruling from the bench, the Bankruptcy Judge

denied Abdelsayed's motion to vacate and on March 15, 2011

entered an order to that effect.

On May 26, 2011, Narumanchi filed a pro se motion for

sanctions.  Narumanchi argued that the Bankruptcy Court should

impose sanctions on Gildea and Abdelsayed, pursuant to Fed. R.

Bankr. P. 9011 ("Rule 9011"), 11 U.S.C. § 105(a) and 28 U.S.C.

§ 1927, based on the proof of claim filed by Gildea on March 4,

2009 and the pro se motion to vacate filed by Abdelsayed on

October 21, 2010.  Narumanchi also requested that the Bankruptcy

Court consider referring the case to the United States Attorney

for criminal prosecution pursuant to 18 U.S.C. § 3057.

Rule 9011 authorizes sanctions for signing certain documents

not "well grounded in fact and . . . warranted by existing law or

a good faith argument for the extension, modification, or

reversal of existing law." Fed. R. Bankr. P. 9011. "Rule 9011 parallels Federal Rule of Civil Procedure 11, containing only such modifications as are appropriate in bankruptcy matters . . ." In re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir. 2002) (citing In re Cohoes Indus. Terminal, 931 F.2d 222, 227 (2d Cir. 1991)).

Rule 9011(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Rule 9011(c) further provides that,

-5-

"[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."  Fed. R. Bankr. P. 9011(c).

On June 16, 2011, the Bankruptcy Judge held a hearing on the motion for sanctions.  The attorney for the appellee, Attorney Fish, argued that the motion for sanctions should be denied on procedural grounds because the 21-day safe harbor period of Rule 9011 had not run before the motion for sanctions was filed.  Rule 9011(c) sets forth the requirements of this safe harbor:

> [A] motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate [Rule 9011(b)]. . . . The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . . .

Fed. R. Bankr. P. 9011(c)(1)(A).  This provision was added to Rule 9011 in 1997, and is analogous to the safe harbor provision added to Federal Rule of Civil Procedure 11 in 1993.  See Fed. R. Civ. P. 11 advisory committee note (1993).

The Bankruptcy Judge agreed with the appellee's argument

that as no evidence had been presented showing that Narumanchi complied with the safe harbor provision by serving a copy of his motion on Abdelsayed or his attorney before filing it with the Bankruptcy Court, the Bankruptcy Court should decline to enter sanctions.

The Judge ruled from the bench:

> I find that [Attorney Fish's] recitation and review of the facts is consistent with my recollection. I find that his application of the law is consistent with my knowledge of the law and review of the facts. And consequently, for the reasons stated by Attorney Fish on the record, which I adopt, the motion should be and is denied.
>
> Now, in addition, he did not directly address -- in fact, I'm not sure he addressed at all the question of the referral, a criminal referral, so to speak, to the Office of the United States Attorney as has been requested. As a former United States attorney for Connecticut and someone who spent some in excess of 20 years in that office, and as a judge, I was -- I met, with great interest initially when I saw my obligation and as further amended during the course of time I was a judge, as to my obligations to bring to the attention of the appropriate authorities, including specifically, the United States Attorney, potential violations of -- of criminal law. And I find no basis to do that here.
>
> So consequently, the motion, for the reasons stated by Mr. Fish on the record insofar as it requested compensation, attorney's fees and costs and monetary sanctions, punitive or otherwise, is denied. And for my own reasons, because of my own familiarity with the facts of the matter and because I find no basis for this Court to make a referral to the U.S.

>           Attorney, I decline to do that as well.  So
>           the motion is denied in all respects.
>
>           And by the way, with regard to the motion to
>           refer the matter to the U.S. Attorney, I think
>           I have an independent obligation to do that
>           anyway, which I decline to exercise because I
>           don't think there's -- it's appropriate to do
>           so.  The motion is denied in its entirety.  So
>           ordered.

(Hr'g Tr. 6/16/11, 33-35).

## II.  STANDARD OF REVIEW

This court "may affirm, modify, or reverse" the Bankruptcy Court's judgment, or "remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.  The Bankruptcy Court's legal conclusions are reviewed de novo.  Denton v. Hyman (In re Hyman), 502 F.3d 61, 65 (2d Cir. 2006); Educ. Credit Mgmt. Corp. v. Curiston, 351 B.R. 22, 27 (D. Conn. 2006).  Findings of fact are not to be set aside unless they are "clearly erroneous." Fed. R. Bankr. P. 8013.  Mixed questions of law and fact are reviewed de novo.  In re Jackson, 394 B.R. 8, 12 n. 2 (D. Conn. 2008) (quoting Babit v. Vebeliunas (In re Vebeliunas), 332 F.3d 85, 90 (2d Cir. 2003) ("Mixed questions of law and fact are subject to de novo review.")).

"A bankruptcy court's decision regarding an award of sanctions is subject to review for an abuse of discretion." Hawkins v. Levine, 426 B.R. 36, 40 (N.D.N.Y. 2010) (citation omitted).  See also Cooter & Gell v. Hartmarx Corp., 496 U.S.

384, 405 (1990) (Rule 11 sanctions are subject to review for abuse of discretion).

## III. DISCUSSION

### A.   Fed. R. Bankr. P. 9011

The Bankruptcy Judge held that Narumanchi had failed to comply with the safe harbor requirement of Rule 9011 and Fed. R. Civ. P. 11 and that this was a basis for denying Narumanchi's motion for sanctions.

The safe harbor provision "is a mandatory procedural prerequisite for seeking sanctions under the rule and sanctions imposed without compliance with this provision are subject to reversal." In re Kelsey, Nos. 94-10415, 00-1034, 2001 WL 34050741, at *3 (Bankr. D. Vt. Oct. 23, 2001). See Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1327-29 (2d Cir. 1995) (reversing district court's imposition of sanctions under corresponding provision of Fed. R. Civ. P. 11(c)(1)(A) where movant provided no evidence indicating it had served respondent with the motion for sanctions at least 21 days prior to filing it with the court).

The procedural safeguards afforded by the safe harbor provision of Rule 9011 "are intended to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002) (citing Hadges, 48 F.3d at 1327).

-9-

See also In re Galgano, 358 B.R. 90, 93 (Bankr. S.D.N.Y. 2007)
("The safe-harbor provision in Rule 9011 is crucial because it
gives a moving party an opportunity to avert sanctions by
withdrawing a motion that lacks merit or an appropriate legal or
factual basis."); 51 Charles A. Wright & Arthur R. Miller,
Federal Practice and Procedure § 1337.2 (3d ed. 2004) ("Since the
procedural requirements of the Rule 11 safe harbor provision are
designed to protect the person against whom sanctions are sought
and forestall unnecessary motion practice, a failure to comply
with them will result in the rejection of the motion for
sanctions . . . .").

      At the hearing on Narumanchi's motion for sanctions,
Attorney Fish argued that Narumanchi never sent a copy of a
motion for sanctions to Abdelsayed and Gildea and therefore did
not comply with Rule 9011(c).  Here, the record does not show
that Narumanchi served his motion for sanctions on Gildea or
Abdelsayed 21 days before filing it on May 26, 2011.  This
oversight is critical because if Narumanchi had provided notice
under Rule 9011(c), Gildea might have revised or withdrawn his
proof of claim or Abdelsayed might have revised or withdrawn his
pro se motion to vacate, obviating the need for a hearing and an
order from the Bankruptcy Court on each filing.  This is the very
purpose that the rule was designed to accomplish.

      Narumanchi claims that the letter that Small sent to Gildea
on February 4, 2010 complied with the safe harbor provision of

Rule 9011.  However, under Rule 9011(c), the movant must send the respondent a copy of his <u>motion</u> for sanctions at least 21 days before filing the motion.  See <u>In re Pratt</u>, 524 F.3d 580, 588 (5th Cir. 2008) ("We are not persuaded that informal service is sufficient to satisfy the service requirement of Rule 9011. . . . [T]he plain language of Rule 9011 mandates that the movant serve the respondent with a copy of the <u>motion</u> before filing it with the court."); <u>In re Cultrera</u>, Bankruptcy No. 03-22323, Adversary No. 06-2042, 2007 WL 1891482, at *2 (Bankr. D. Conn. June 29, 2007) ("[I]nformal notice of a potential violation is insufficient to trigger the beginning of the twenty-one day safe harbor period.") (citing Wright & Miller, <u>supra</u>, § 1337.2). Courts in this circuit have frequently denied motions for sanctions in the bankruptcy context because the movant failed to comply with the safe harbor requirements of Rule 9011(c).  <u>See, e.g.</u>, <u>In re Taub</u>, 439 B.R. 276, 283 (Bankr. E.D.N.Y. 2010) ("Here, the record does not show that the Debtor served this motion on the Trustee twenty-one days before filing it on September 7, 2010.  That is, the Debtor did not comply with the safe harbor provision of Rule 9011.  For this reason alone, the Debtor's request for sanctions under Rule 9011 must be denied."); <u>Galgano</u>, 358 B.R. 90 (denying sanctions under Rule 9011 for failure to serve respondent with motion for sanctions at least 21 days before filing); <u>Obuchowski v. Poulin Grain, Inc. (In re Stevens)</u>, No. 98-1181, 99-01040, 2001 WL 34093946 (Bankr. D. Vt.

Jan. 17, 2001) (same).  In this case, where Narumanchi, through his counsel, sent a letter to creditor's counsel requesting that he withdraw a proof of claim but did not send the creditor or his counsel a copy of the motion for sanctions, Narumanchi has not complied with the "mandatory procedural prerequisite" required by the safe harbor provision of Rule 9011(c).  Therefore, the Bankruptcy Court did not err in denying the motion for sanctions on this ground.

Moreover, even if Narumanchi had complied with Rule 9011's safe harbor provision, the record shows that he has not established that Gildea's proof of claim or Abdelsayed's motion to vacate are sanctionable under Rule 9011.

An award of sanctions will lie "when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the paper." Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986). See also Ball v. A.O. Smith Corp., 451 F.3d 66, 70 (2d Cir. 2006) (indicating that "Rule 11(b) is violated when an attorney presents a pleading for an improper purpose or presents a frivolous claim or legal contention. . . ."). Ultimately, the standard requires a finding of objective unreasonableness of the individual making the statement in the pleading. See Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000).

"[C]ourts have generally held that imposition of sanctions under Rule 9011 requires a showing of bad faith based on

objective standards." In re Gorshtein, 285 B.R. 118, 125 (Bankr. S.D.N.Y. 2002).  "In order for sanctions to be supported under this test, it must be clear that the motion made has no chance of success under the existing circumstances." Id. (citing In re Spectee Grp., Inc., 185 B.R. 146, 159 (Bankr. S.D.N.Y. 1995)).

With respect to the proof of claim that Gildea filed on March 4, 2009, Abdelsayed has identified a legitimate basis for prosecuting the proof of claim.  In particular, although Hill had paid Abdelsayed $23,000 in settlement of a prospective malpractice claim, that "second payment source" was not "dollar for dollar the same" as the amount that Narumanchi owed Adelsayed from the civil judgment entered against Narumanchi.  (Hr'g Tr. 6/16/11 at 21).  Attorney Fish argued before the Bankruptcy Court that Abdelsayed and Gildea determined "that these dollars that are coming in [from the malpractice settlement], we're going to allocate them to, not principal in the first instance, but the other ancillary things which made up the underlying malpractice settlement.  And so there was a complicated issue as to how you do the calculation."  (Id.).  Attorney Fish also noted at the hearing that "there were also settlement discussions back and forth between Attorney Small and Attorney Gildea that [Abdelsayed] was aware of as to how to resolve the proof of claim."  (Id. at 23).  Attorney Fish argued the existing settlement discussions suggest that the proof of claim was prosecuted in good faith.

-13-

With respect to Abdelsayed's <u>pro se</u> motion to vacate, at the hearing on the motion to vacate the Bankruptcy Judge identified a "confusing situation" surrounding the scheduling of the September 2, 2010 hearing at which Abdelsayed failed to appear.  The Bankruptcy Judge noted that "this was a confusing situation, and quite frankly, during the course of this hearing, I gave serious consideration to granting the motion to vacate."  (<u>Id.</u> at 93-94).

Considering the Bankruptcy Judge's comments at the hearing, it is far from clear that the motion to vacate had "no chance of success under the existing circumstances." <u>In re Gorshtein</u>, 285 B.R. 118, 125 (Bankr. S.D.N.Y. 2002).  In light of the foregoing, the Bankruptcy Judge's decision not to exercise his discretion to impose sanctions was not clearly erroneous.

**B.   11 U.S.C. § 105(a)**

11 U.S.C. § 105(a) states that: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). The Second Circuit has "long recognized that section 105(a) limits the bankruptcy court's equitable powers, which must and can only be exercised within the confines of the Bankruptcy Code." <u>In re Kalikow</u>, 602 F.3d 83, 96 (2d Cir. 2010).  "Thus, § 105 does not itself create a private right of action, but a court may invoke § 105(a) if the equitable remedy <u>utilized</u> is demonstrably necessary to preserve a right elsewhere provided in

-14-

the Code."  Id. (citing Bessette v. Auto Fin. Srvcs, Inc., 230
F.3d 439, 444-45 (1st Cir. 2000).  "The equitable power conferred
on the bankruptcy court by section 105(a) is the power to
exercise equity in carrying out the provisions of the Bankruptcy
Code, rather than to further the purposes of the Code generally,
or otherwise to do the right thing.  This language 'suggests that
an exercise of section 105 power be tied to another Bankruptcy
Code section and not merely to a general bankruptcy concept or
objective.' "  In re Dairy Mart Convenience Stores, Inc., 351
F.3d 86, 92 (2003) (citing 2 Collier on Bankruptcy ¶ 105.01[1]).

Therefore, § 105 does not create a private right of action
nor provide any independent substantive right.  Insofar as
Narumanchi moved the Bankruptcy Court to impose sanctions under
§ 105, the analysis of the motion for sanctions under Rule 9011
applies.

### C.   28 U.S.C. § 1927

Section 1927 states that: "Any attorney or other person
admitted to conduct cases in any court of the United States . . .
who so multiplies the proceedings in any case unreasonably and
vexatiously may be required by the court to satisfy personally
the excess costs, expenses, and attorneys' fees reasonably
incurred because of such conduct."  28 U.S.C. § 1927 (2006).
"Imposition of sanction under § 1927 requires a 'clear showing of
bad faith.' "  Olivieri v. Thompson, 803 F.2d 1265, 1273 (2d Cir.

1986).  "[A]n award under [section] 1927 is proper when the
attorney's actions are so completely without merit as to require
the conclusion that they must have been undertaken for some
improper purpose such as delay."  State Street Bank & Trust Co.
v. Interversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir.
2004).  For the reasons stated above, there is no clear showing
here of bad faith or improper purpose.

### D. Referral to the U.S. Attorney's Office

Narumanchi's motion also requested a referral to the United
States Attorney pursuant to 18 U.S.C. § 3057, which states, in
relevant part:

> Any judge . . . having reasonable grounds for
> believing that any violation under chapter 9
> of this title or other laws of the United
> States   relating   to   insolvent   debtors,
> receiverships or reorganization plans has been
> committed, or that an investigation should be
> had in connection therewith, shall report to
> the appropriate United States attorney all the
> facts and circumstances of the case, the names
> of the witnesses and the offense or offenses
> believed to have been committed."

18 U.S.C. § 3057(a).  Under this statute, "a court is compelled
to direct the United States Attorney to investigate the facts
whenever reasonable grounds exist for a belief that a violation
of the bankruptcy laws has occurred and that such violations have
not been litigated before the bankruptcy and appellate courts."
In re Parr, 13 B.R. 1010, 1020 (E.D.N.Y. 1981).  At least one
court has held that creditors in bankruptcy cases do not have a

-16-

legally cognizable right to request that the Bankruptcy Court
make a report to the U.S. Attorney's Office under 18 U.S.C.
§ 3057(a).  See In re Valentine, 196 B.R. 386, 387 (Bankr. E.D.
Mich. 1996).  In fact, in his motion for sanctions Narumanchi
made the following concession:

> While I am fully aware that, as a Debtor, I
> have no private right of action, or may even
> have a right to directly request this court to
> make a referral of criminal acts that have
> been committed by attorney Gildea, and the
> alleged   Creditor,   Abdelsayed,   either
> individually or as co-conspirators; and also
> while this Court is not empowered to exercise
> jurisdiction in criminal matters per se . . .
> nevertheless  I  believe  that  on  its  own
> volition this honorable court could and would
> like to exercise its discretion, to report all
> the facts and circumstances of the case, the
> names  of  the  witnesses  and  the  offense(s)
> believed to have been committed, pursuant to
> 18 U.S.C. Sec. 3057, to U.S. Attorney for
> further investigation and proceedings on such
> criminal matters and criminal viola[t]ions.

(Narumanchi's 5/26/11 Br. (Doc. No. 85 in Bankruptcy Petition
#:97-31791) at 4).

At the hearing on the motion for sanctions, the Bankruptcy
Judge exercised his discretion in declining to make a criminal
referral to the U.S. Attorney:

> As  a  former  United  States  attorney  for
> Connecticut and someone who spent in excess of
> 20 years in that office, and as a judge, I was
> -- I met, with great interest initially when I
> saw my obligation and as further amended
> during the course of the time I was a judge,

-17-

> as to my obligations to bring to the attention
> of the appropriate authorities, including
> specifically, the United States Attorney,
> potential violations of -- of criminal law.
> And I find no basis to do that here.

(Hr'g Tr. 6/16/11 at 34).  Later, the Bankruptcy Judge noted that "with regard to the motion to refer the matter to the U.S. Attorney, I think I have an independent obligation to do that anyway, which I decline to exercise because I don't think there's -- it's appropriate to do so."  (Id. at 35).

The Bankruptcy Judge who presided over the sanctions hearing had also presided over hearings on Narumanchi's objection to the proof of claim and on Abdelsayed's motion to vacate, was intimately familiar with the parties and issues involved, was very familiar with his obligations under 18 U.S.C. § 3057, and was in the best position to determine whether reasonable grounds existed for a belief that a violation of the bankruptcy laws had occurred.  As there are insufficient grounds to determine that the proof of claim or the motion to vacate were frivolous or filed for any improper purpose, and in light of the foregoing, the court concludes that the Bankruptcy Judge did not err in exercising his discretion to not refer the case to the United States attorney for criminal prosecution.

## V.   CONCLUSION

For the reasons set forth above, the decision of the Bankruptcy Court is AFFIRMED.

-18-

The Clerk shall close this case.

It is so ordered.

Dated this 28th day of March, 2012 at Hartford, Connecticut.


```
                                 /s/
        _____
                          Alvin W. Thompson
                    United States District Judge
```